THOMAS GUNN *vs.* UNION RAILROAD COMPANY.

PROVIDENCE—APRIL 10, 1901.

PRESENT : Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *New Trial.   Verdict against Evidence.*

The court, following the long-established rule in this State, has the power to grant a new trial where the verdict is against the strong preponderance of the testimony.

(2) *Negligence.   Due Care.   Street Railways.*

Decision in *Gunn* v. *Railroad Co.*, 22 R. I. 321, affirmed.

TRESPASS ON THE CASE for negligence.   The facts are stated in the opinion and also in the same case reported in 22 R. I. 321.   Heard on petition of plaintiff for re-argument of defendant's petition for new trial, and motion denied.

STINESS, C. J.   The first reason assigned by the plaintiff for a re-argument of the petition for a new trial, which has been denied, is as follows :

(1)   "That the power conferred upon the court to grant new trials for 'reasons for which a new trial is granted at common law,' does not include the power to grant a new trial because

the verdict is against the weight of evidence, or because the great preponderance of the evidence is against the finding of the jury, when there is a conflict in the evidence ; as the trial by jury, guaranteed in the constitution, was the one known at common law, and for an appellate court to exercise the power of granting a new trial on the ground that the verdict is against the evidence, in a case where there is conflicting testimony, is a violation of the right of trial by jury."

This amounts simply to an assertion that new trials could not be granted at common law on the ground that a verdict was against the evidence, if there was any testimony to sustain it.

As to the common law, it is sufficient to quote the following words of Blackstone, 3 Bl. Com. 392 : A new trial is not "granted where the scales of evidence hang nearly equal ; that which leans against the former verdict ought always very strongly to preponderate."

Cases upon this point are too numerous for citation, and the subject too familiar to require it. A few of the decisions of this court show that the granting of a new trial upon a strong preponderance of testimony has been the long-established rule in this State.

In *Johnson* v. *Blanchard*, 5 R. I. 24, the court said that it was quite content with Blackstone's rule, quoted above.

In *Patton* v. *Hughesdale*, 11 R. I. 188, the court said " We cannot say that there was a preponderance of evidence against the verdict, and, unless there was a strong preponderance of evidence against it, we should not be justified in setting it aside."

In *Sweet* v. *Wood*, 18 R. I. 386, the words of the court were : "so that the verdict is strongly against the evidence."

All of these are cases in which a new trial was denied, but the rule is, nevertheless, clearly recognized and stated.

Cases in which a new trial has been granted for this cause do not often appear in the reports, because the practice of the court has been to dispose of such cases by an unreported rescript, to avoid reporting a mere discussion of testimony, and also to avoid possible prejudice to a new trial thereby. There

have been many such cases, however, and there are numerous cases in our reports in which a new trial has been denied with such a remark as this : " While it appears that the evidence is quite conflicting, yet we cannot say that it is not sufficient to sustain the verdict." *Lake* v. *Weaver*, 20 R. I. 46 ; also the oft repeated remarks that the evidence sustains the verdict, or does not appear to be clearly against the evidence ; the corollary of which is that the court may say that the evidence does not sustain the verdict.

In *Watson* v. *Tripp*, 11 R. I. 98, Durfee, C. J., said : " There was a conflict in the testimony upon the point whether there was such a light.    The testimony to prove that there was a light was certainly very strong ; but even if conclusive, the jury may have thought that it was not properly placed, or that, in the particular circumstances, a single light, unless of more conspicuous size and brilliancy, was an insufficient safeguard.    The question was peculiarly a question for the jury ; and the court, even though they may not agree with the jury, ought not to disturb their verdict without very weighty reasons.    In the case at bar we allow the verdict to stand."

In this case the question whether there was a strong preponderance of evidence against the verdict—so strong, in fact, that there could be no reasonable doubt about it—is so clear from a review of the testimony that a re-argument could be of no avail to change our decision already given.

(2)    The plaintiff claims that he had been standing near the defendant's track for some time, so as to be in full sight of the motorman for a period long enough to have stopped the car and avoided the accident.

He alone so testified.    His only witness testified to the contrary, and said that Gunn stepped back from behind the horses just as the car came, and had only gone to a point between the forward and hind wheels when he was hit by the car, which was not coming fast.

Arnold, the motorman, testified that he stepped right out with his back to the car, when the car was four or five feet away, and that he could not stop the car before it hit him. O'Connor saw Gunn step out when the car, in his judgment

was about eight feet away.    Miss Bridgeford testified that as the car came to the coal-cart Gunn appeared very suddenly, and the car struck him.    Dow said that he saw the man step in front of the car from the front wheel; that it was done instantly, and when he stepped out he saw that an accident was inevitable and shouted.    All of these witnesses, except possibly the motorman, are disinterested witnesses, with nothing to discredit their testimony.    While we concede that witnesses are not to be counted merely, can any unprejudiced mind escape the conclusion that the very strong and clear preponderance of the testimony is against the verdict?    With no complication of circumstances, from which different inferences may be drawn, and with nothing to impeach their fairness, disinterested witnesses should and do count in determining the weight of evidence.    In this case there were five eye-witnesses of the accident against the plaintiff alone, and he said : "I wasn't thinking of the track."

The plaintiff also alleges, as a ground for re-argument, that the court did not sufficiently consider his claim that the motorman anticipated that the plaintiff might put himself in danger by stepping out from behind the cart, and that he was negligent in not guarding against it.

It is to be noted in regard to this claim that it is utterly inconsistent with the plaintiff's own testimony, which was that he was standing in plain sight for a long time.    The whole argument is based upon the claim that the motorman admitted that he had such an apprehension.    These questions and answers appear :

"C.    Q. 172.    You were apprehensive that some person might go out on the track ?

"Ans.    I always ring the bell when I slow down.

"C.    Q. 173.    You were apprehensive from that cart being there that some person might come out from behind the cart and come in contact with your car ?

"Ans.    Might, yes."

The apparent meaning of this answer is simply that some person might come out; but taking it, as the plaintiff urges, that it meant that he was apprehensive of it, his whole tes-

timony clearly shows that it was not an apprehension based upon seeing the plaintiff, but only upon the fact that a person might come out from behind a cart. Consequently he was going slowly, as all the testimony shows—not over five miles an hour—and so slowly that the car stopped, as the plaintiff's witness says, about thirty feet from where it struck the plaintiff.

We fail, however, to see the force of this argument, for no one placed the plaintiff behind the cart. Either he was standing in plain sight, as he swore, or else he stepped out suddenly, with his back to the car; and he says he was struck in the back, so that the accident was inevitable if the car was moving at all.

We think that the latter phase of the case is so plain that a re-argument would be useless. The testimony was carefully considered in reaching our former conclusion, and we see no error or omission to be reconsidered.

*Charles E. Gorman*, for plaintiff.
*David S. Baker*, for defendant.